NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000260
13-APR-2018
07:49 AM

NO. CAAP-16-0000260

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DONNA H. YAMAMOTO, an individual, Plaintiff-Appellant, v.
DAVID W.H. CHEE; TOM CHEE WATTS DEGELE-MATHEWS &
YOSHIDA, LLP, Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1696)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Plaintiff-Appellant Donna H. Yamamoto (**Yamamoto**)
appeals from the Order Granting in Part and Denying in Part
Defendants David W.H. Chee [(**Chee**)] and Tom Chee Watts
Degele-Mathews & Yoshida, LLP's [(**TCW**)] Motion:  (1) to Dismiss
Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and
for Failure to State a Claim Upon which Relief can be Granted;
(2) to Compel the Binding Arbitration of all Claims in
Plaintiff's Complaint; and (3) for an Award of Attorneys' Fees
and Costs Filed December 16, 2015 (**Order Compelling Arbitration**),

which was entered on March 9, 2016, in the Circuit Court of the First Circuit.[1]

On appeal, Yamamoto raises two points of error, contending that the Circuit Court erred: (1) when it concluded that the conversion of her funds fell within the scope of the arbitration clause in the partnership agreement; and (2) when it purportedly determined that strict compliance with the notice requirements of Hawaii Revised Statutes (HRS) § 658A-9 was not required before filing a motion to compel arbitration.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Yamamoto's points of error as follows:

(1) Yamamoto contends that her claims do not fall within the scope of the arbitration clause of the subject partnership agreement. Whether an issue is beyond the scope of a contractual agreement to arbitrate "depends on the <u>wording of the contractual agreement to arbitrate.</u>" <u>Cty. of Hawaii v. UNIDEV, LLC</u>, 129 Hawai'i 378, 394, 301 P.3d 588, 604 (2013), (citation and quotation marks omitted). "Under Hawai'i law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Id.</u> (citation and internal quotation marks omitted). Here, the arbitration clause states in part:

---

[1] The Honorable Edwin C. Nacino presided.

> In the event of any dispute between or among the Partners <u>in connection with</u> this Agreement, such dispute shall be resolved by arbitration. . . .

(Emphasis added).

Thus, the phrase that defines the scope in this arbitration clause is the phrase "in connection with." Other courts have construed "in connection with" broadly when addressing arbitration clauses. <u>See</u>, <u>e.g.</u>, <u>Simula, Inc. v. Autoliv, Inc.</u>, 175 F.3d 716, 721 (9th Cir. 1999) (Every court that has construed the phrase 'arising in connection with' in an arbitration clause has interpreted that language broadly.");[2] <u>Coffman v. Provost * Umphrey Law Firm, L.L.P.</u>, 161 F. Supp. 2d 720, 725 (E.D. Tex. 2001), aff'd sub nom. <u>Coffman v. Provost Umphrey LLP</u>, 33 F.Appx 705 (5th Cir. 2002) ("A broad arbitration clause, on the other hand, includes . . . disputes that are 'in connection with' the agreement.").

Here, because the arbitration clause applies to disputes "in connection with" the partnership agreement, we construe the scope of the arbitration clause broadly. Accordingly, to require arbitration, "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause[.]" <u>See</u> <u>Simula</u>, 175 F.3d at 721 (citation omitted).

With this in mind, we turn to whether Yamamoto's claims fall within the scope of the subject arbitration clause.

---

[2] Most case law nationwide deals with the phrase "arising in connection with" or "arising out of and in connection with." To the extent that the phrase "arising in connection with" which is used in <u>Simula</u>, differs slightly from the phrase "in connection with," which is used in the instant case, we see no basis for distinction for purposes of this case.

"Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint." UNIDEV, LLC, 129 Hawai'i at 396, 301 P.3d at 606 (citation omitted). In UNIDEV, the Hawai'i Supreme Court analyzed a contract concerning the construction of affordable housing. The supreme court held that the following factual allegations "[arose] under" the contract:

> that (1) Petitioners submitted invoices that demanded payment for services for which Petitioner had already received payment, (2) Petitioners submitted invoices which misrepresented that funds would be used to pay contractors, (3) Petitioners submitted invoices that Respondent was not required to pay, (4) Petitioners made misrepresentations to induce Respondent to provide funding to the Project. . . .

Id. at 394, 396, 301 P.3d at 604, 606-07.

Here, whether Yamamoto's claims are "in connection with" the partnership agreement depends on the factual allegations, and not necessarily on the characterization of the counts alleged in Yamamoto's complaint. See id. at 396, 301 P.3d at 606. In short, Yamamoto alleges that: (1) Chee debited her partnership capital account without her consent; (2) Chee concealed the fact that Yamamoto's loan was repaid out of her partnership capital account, still accepted her personal check and used it for purposes other than repaying the 401k loan; and (3) neither Chee nor TCW have returned the funds, despite numerous demands from Yamamoto.

We conclude that these allegations "touch matters" covered by the partnership agreement: namely, the handling of Yamamoto's partnership capital account. See Simula, 175 F.3d at 721. Furthermore, we find the instant case to be similar to that in UNIDEV. 129 Hawai'i at 396-97, 301 P.3d at 606-07. Whereas

4

in UNIDEV, the supreme court held that allegations of fraudulent billing were arbitrable under the contract at issue, see id. at 396, 301 P.3d at 606, Yamamoto's allegations of conversion and fraudulent conversion are similarly arbitrable here.[3] Therefore, we conclude that the Circuit Court did not err in concluding that the factual allegations in Yamamoto's Complaint fall within the scope of the arbitration clause.

(2) Yamamoto argues that Chee and TCW failed to give proper notice because: (1) the January 12, 2016 letter demanding arbitration did not "describe the nature of the controversy and the remedy sought" as required by HRS § 658A-9; and (2) it was sent after the motion to compel arbitration was filed. Chee and TCW contend that they complied with HRS § 658A-9 when they emailed Yamamoto's counsel prior to the filing of the motion to compel and then sent the January 12, 2016 letter.

HRS § 658A-9(a) (2016) requires that the notice "describe the nature of the controversy and the remedy sought." We agree with Yamamoto that this requirement applies to persons seeking to defend claims through arbitration, as well as persons seeking to prosecute claims. See Ueoka v. Szymanski, 107 Hawai'i 386, 395, 114 P.3d 892, 901 (2005).

Chee and TCW's January 12, 2016[4] letter stated, in relevant part:

---

[3]    We note that the phrase "in connection with" which is used in the instant case, suggests a broader scope than the phrase "arising under," which was used in UNIDEV. See Simula, 175 F.3d at 721 (citation omitted) (discussing the phrase "arising in connection with"); UNIDEV, 129 Hawai'i at 394, 301 P.3d at 604.

[4]    The year stated on the letter was 2015, however, it appears that the correct date should have been January 12, 2016.

> This letter represents Defendants' written demand for arbitration of Plaintiff's Complaint filed August 27, 2015 under 13.10 of the Partnership Agreement. This written demand for arbitration is being sent pursuant to Haw. Rev. Stat. §658-9.

A copy of the November 27, 2015 email was attached to the letter and stated, in relevant part:

> I have reviewed the Partnership Agreement which was signed by your client Donna Yamamoto and conclude that Article XIII, section 13.10 which is entitled Arbitration mandates that your client submit her dispute with the partnership and David Chee to arbitration. . . . For that reason, on behalf of my clients, I must request that your client dismiss her Complaint and submit this matter to arbitration pursuant to the section in the Partnership Agreement which I have so noted above.
> . . . . If your client refuses to dismiss her Complaint, I will be required to file a motion to dismiss [and] will seek to recover attorney's fees and costs associated with the filing of the motion.

The written notice requirement in the Uniform Arbitration Act, upon which HRS chapter 658A is based, "serves as the functional equivalent of notice pleading in a court action." Block v. Plosia, 390 N.J. Super. 543, 554, 916 A.2d 475, 482 (App. Div. 2007). Notice pleading only requires "a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests[.]" Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 215-16, n. 17, 166 P.3d 961, 975-76, n. 17, (2007) (citations omitted).

Here, the January 12, 2016 letter stated that Chee and TCW were demanding arbitration of "Plaintiff's Complaint filed August 27, 2015." The attached copy of the earlier email further communicated that Defendants sought to resolve the claims in Yamamoto's Complaint by arbitration, pursuant to the subject arbitration agreement. Thusly, Chee and TCW notified Yamamoto of

what they wanted to arbitrate. As there were no counterclaims or other claims for relief against Yamamoto, no other notice of relief or remedy needed to be stated. Accordingly, we conclude that Chee and TCW sufficiently "describe[d] the nature of the controversy and the remedy sought." See HRS § 658A-9(a).

Yamamoto also contends that the timing of Chee and TCW's notice rendered it defective because the January 12, 2016 letter was sent after Chee and TCW filed their motion to compel arbitration on December 16, 2015, albeit before the Circuit Court's hearing on the motion to compel and the court's subsequent Order Compelling Arbitration.

HRS § 658A-9(a) provides, in relevant part:

> (a) A person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate in the agreed manner between the parties or, in the absence of agreement, by certified or registered mail, return receipt requested and obtained, or by service as authorized for the commencement of a civil action.

Yamamoto relies on the supreme court's decision in Ueoka, cited above, to argue that formal notice must be given prior to the filing of a motion to compel. We reject Yamamoto's contention that Ueoka mandates the denial of a motion to compel where notice is given, but given after the filing of the motion to compel.

The circumstances in Ueoka are distinguishable because, in Ueoka, "[d]espite the circuit court's stated willingness to reconsider the stay issue if a demand for arbitration was filed, neither Szymanski nor Hartley ever made a demand for arbitration at any time." Ueoka, 107 Hawai'i at 395, 114 P.3d at 901 (emphasis added). Unlike the defendants in Ueoka, Chee and TCW

7

sent a formal notice when confronted with the infirmities of their verbal and email demands for arbitration. In addition, the dissent in Ueoka opined that, once a suit was filed, it was unnecessary to comply with the notice requirements of HRS § 658A-9 before moving to compel arbitration. Id. at 398-99, 114 P.3d at 904-05. Responding to the dissent, and declining to dispense with the formal notice requirement after suit was filed, the majority explained, in part:

> [T]his court has advocated the use of arbitration in an effort to reduce the number of cases that proceed to litigation. [W]e emphasize the importance of utilizing alternative methods of dispute resolution in an effort to reduce the growing number of cases that crowd our courts each year. Allowing a party to compel arbitration after filing a lawsuit (without filing a notice initiating arbitration) does nothing to avoid litigation or reduce the number of cases crowding our courts. As such, we believe that requiring a party to initiate arbitration before filing a motion to compel arbitration best supports the policy reasons behind encouraging arbitration.

Id. at 395, 114 P.3d at 901 (citation, quotation marks, and parentheses omitted).

Thus, although opining that initiating arbitration before filing a motion to compel "best supports" the statute's rationale, the supreme court was not asked to decide whether it was reversible error to allow a party, effectively, to cure a lack of a proper HRS § 658A-9 notice before the filing of a motion to compel. We conclude that, under the circumstances of this case, the Circuit Court did not err in considering Chee and TCW's January 12, 2016 letter to satisfy the HRS § 658A-9 requirements to initiate arbitration and that this conclusion is not inconsistent with the holding in Ueoka. Rather, it appears that requiring a motion to compel arbitration to be denied, a new demand to be made, and then a new motion to compel to be filed,

would be inconsistent with the policy considerations stated by the supreme court and the statutory requirements to initiate arbitration.

For these reasons, the Circuit Court's March 9, 2016 Order Compelling Arbitration is affirmed.

DATED: Honolulu, Hawai'i, April 13, 2018.

On the briefs:

Michael M. Ching,
(Ching & Yamamoto LLP),
        and
Cheryl Y. Arakaki,
(Arakaki & Eugenio LLLC),
for Plaintiff-Appellant.

Gary S. Miyamoto,
(Chong, Nishimoto, Sia,
 Nakamura & Goya),
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge